United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 1, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-11460
Summary Calendar

_____

TODD CARO,

Plaintiff-Appellant,

versus

NFN SPENCER, Police Officer, Addison Police Department; CHIEF OF
POLICE, Addison, Texas; CITY OF ADDISON, TEXAS,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CV-2800
---------------------

Before DAVIS, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:*

Todd Caro, Texas prisoner # 1116919, filed the instant

42 U.S.C. § 1983 suit to seek redress for the defendants' alleged

use of excessive force, i.e. deadly force, against him.  The

district court dismissed his suit and certified that his appeal

was not taken in good faith.  Caro challenges the district

court's certification decision pursuant to Baugh v. Taylor,

117 F.3d 197, 202 (5th Cir. 1997), and he requests that this

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court grant him authorization to proceed in forma pauperis (IFP) on appeal.

Caro maintained that Officer Paul Spencer shot him twice in the back without any provocation. The summary judgment evidence produced by Spencer refuted this contention, and Caro responded with no evidence to create a genuine issue of material fact. The district court's dismissal of Caro's suit was proper. See Resident Council v. United States Dep't of Hous. and Urban Dev., 980 F.2d 1043, 1050 (5th Cir. 1993).

Caro has failed to show that his appeal involves "legal points arguable on their merits (and therefore not frivolous)". Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Accordingly, his motion for authorization to proceed IFP on appeal is denied, and his appeal is dismissed as frivolous. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The dismissal of Caro's appeal as frivolous by this court counts as a strike under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Caro is cautioned that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.